## Scheetz Estate

*James C. Lanshe*, for accountant.

GEARHART, P. J., February 13, 1957.—James S. Scheetz died intestate July 14, 1955. He left no wife, no issue, no parents nor brothers or sisters. He left three nephews and two nieces. The one nephew, Henry J. Weidner, was the only child of May Scheetz, a deceased sister of decedent. The others, viz., Anna Bastian Reinhard, Owen M. Bastian, Albert Bastian and Sadie Ehrich, are children of Anna Bastian, deceased, who was a half-sister to decedent.

In the suggested schedule of distribution it is proposed to distribute one half of the residuary estate to Henry J. Weidner, the full nephew, and to divide the other half of the estate among the four other nephews and nieces named above. This proposed schedule of distribution we apprehend to be in error.

The pertinent portion of the Intestate Act of April 24, 1947 P. L. 80, is section 3, 20 PS §1.3, which disposes of shares other than that awarded to the surviving spouse. The order of distribution is (1) to the issue of decedent, (2) to parents, if no issue survives decedent and (3) to brothers, sisters or their issue. Section 3 (3) provides:

"Brothers, sisters, or their issue. If no parent survives the decedent, then to the issue of each of the decedent's parents."

The commissioners'. comment states that the section just quoted takes the place of section 9 of the Intestate Act of June 7, 1917, P. L. 429. Section 9 (d) of the 1917 Act provided in part:

"Each nephew and niece, if the intestate shall leave any brother or sister, shall receive an equal portion of the share which his or her parent would have taken if then living, which portion shall be what he or she would have taken if all the children of his or her parent who died before the intestate, leaving children surviving the intestate, had been living at the death of the intestate; *but, if such intestate shall leave neither brother nor sister, the nephews and nieces shall take per capita.*" (Italics supplied.)

Section 4 of the Intestate Act of 1947, rules of descent, provides as follows:

"The provisions of this act shall be applied to both real and personal estate in accordance with the following rules:

(1) Taking in different degrees. The shares descending under this act to the issue of the decedent, to the

issue of his parents or grandparents or to his uncles or aunts or to their children, shall descend to them as follows: *The part of the estate descending to any such persons shall be divided into as many equal shares as there shall be persons in the nearest degree of consanguinity to the decedent living and taking shares therein and* persons in that degree who have died before the decedent and have left issue to survive him who take shares therein. One equal share shall descend to each such living person in the nearest degree and one equal share shall descend by representation to the issue of each such deceased person, except that no issue of a child of an uncle or aunt of the decedent shall be entitled to any share of the estate." (Italics supplied.)

Commission's comment on this section is:

"This appears as the first rule of descent to eliminate any question concerning the manner in which the shares shall be divided. The 1917 act refers to 'representation' and to rules of representation in numerous places, including 7(d)3, 20 PS §56, (descendants of intestate), 9(d), 20 PS §65, (*descendants of brothers and sisters*), 11, 20 PS §67, (general rule of limitation of representation), 12(d), 20 PS §§72-74, (issue of grandparents) and 19, 20 PS §132, (persons in the same degree of consanguinity). Much of the cumbersome language of the places referred to is now avoided by the provisions of section 3, 20 PS §1.3, together with this clause (1) of section 4." (Italics supplied.)

It is to be observed that the five nephews and nieces are in the same degree of consanguinity to decedent. They are children of a deceased sister and a deceased half-sister.

Section 4(1) indicates that the estate descending "shall be divided into as many equal shares as there shall be persons in the nearest degree of consanguinity to the decedent *living* and taking shares therein and persons in that degree who have died before the deced-

·ent and have left issue to survive him who take shares therein." (Italics supplied.) In short, the nephews and nieces, being in the same degree of consanguinity, take per capita rather than by representation as suggested in the proposed schedule of distribution. This was the law under the Intestate Act of 1917 as well as under the Intestate Act of 1947. See section 19 of the Act of 1917 which provided that either lineal or collateral heirs or kindred standing in the same degree of consanguinity to the intestate should take in equal shares. No change was effected in section 4(1) of the Act of 1947. The purpose of section 4(1), as stated by the commissioners, was to eliminate any question concerning the manner in which the shares should be divided and to reduce the cumbersome language employed in the 1917 Act.

Commenting on section 4(1) of the Intestate Act of 1947, Bregy in his book Intestate, Wills and Estates Acts of 1947, on page 208, §4, states: ". . . Hence, if a brother or sister survives, the sharing is stirpal from the parent throughout. *If no brothers or sisters survive, nephews and nieces will take per capita and grandnephews and grandnieces by representation of deceased nephews and nieces.*" (Italics, supplied.)

We repeat that in the instant case there are only nephews and nieces. There are no grandnephews or grandnieces whose parents are deceased, nor are there any living brothers or sisters.

One other comment should be made and that is the fact that four of the nephews and nieces are children of a deceased half-sister does not operate to give them a lesser share than Henry J. Weidner, the nephew of the full blood. Section 4(2), which replaces section 9 of the 1917 Act, states:

"(2) Whole and half blood. Persons taking under this act shall take without distinction between those of the whole and those of the half blood."

Kern Estate, found in 4 Fiduc. Rep. 332, cited by counsel, lends no support to the accountant's theory that here there should be a distribution based on representation: Keck Estate, 1 Fiduc. Rep. 17.

Accordingly, we rule that under the Intestate Act of 1947, the five nephews and nieces, being in equal degree of consanguinity to decedent, take per capita.